**JUDGE BUCHWALD**



07 CV 6057

John Macaluso (JM2058)
Matthew W. Carlin (MC4902)
Gibney, Anthony & Flaherty, LLP
665 Fifth Avenue
New York, New York 10022
Telephone (212) 688-5151
Facsimile  (212) 688-8315
E-mail:  JMacaluso@Gibney.com

JUN 2 6 2007

U.S.
CASHIERS

Attorney for Plaintiff, Chanel, Inc.

UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| CHANEL, INC., a New York corporation,<br><br>Plaintiff,<br><br>v.<br><br>BRIGITTE C. VAUGHN a/k/a BRIGITTE C. SIERAU a/k/a BRIGIT VAUGHN and BIBI, INC., individually and jointly, d/b/a BIBISBLINGBLING.COM d/b/a d/b/a BIBISBLINGBLING, and Does 1-10,<br><br>Defendants. | Case No.<br><br>**COMPLAINT FOR DAMAGES AND INJUCTIVE RELIEF** |

Plaintiff, CHANEL, INC., a New York corporation ("Chanel") sues Defendants, BRIGITTE C. VAUGHN a/k/a BRIGITTE C. SIERAU a/k/a BRIGIT VAUGHN ("Vaughn") and BIBI, INC. ("Bibi"), individually and jointly, d/b/a BIBISBLINGBLING.COM d/b/a BIBI, INC. d/b/a BIBISBLINGBLING and DOES 1-10 (collectively ADefendants@) and alleges as follows:

**JURISDICTION AND VENUE**

1.  This action seeks to enforce 15 U.S.C. §§ 1114, 1116, 1121, and 1125(a).  This Court has jurisdiction under 28 U.S.C. §§ 1331 and 1338.  Venue is proper in this Court under

1

28 U.S.C. § 1391 because Defendants conduct business in this District through the use of the fully-interactive website "BibisBlingBling.com."

## THE PARTIES

2.  Chanel is a corporation duly organized under the laws of the State of New York with its principal place of business in the United States located at 9 West 57th Street, New York, New York 10019. Chanel is, in part, engaged in the business of manufacturing and distributing throughout the world, including within this Judicial District, handbags and costume jewelry, including earrings, under the federally registered trademarks CHANEL and CC MONOGRAM (collectively, the "Chanel Marks").

3.  Vaughn is an individual, upon information and belief, conducts business within this Judicial District and resides at 168 Fairhaven Blvd. #10, Woodbury, New York 11797 and upon information and belief, also conducts business at 57 Ira Road #130, Syosset, New York 11797. Vaughn uses the names "bibisblingbling.com" and "BibisBlingBling" as aliases to operate her business.

4.  Upon information and belief, Vaughn is directly and personally engaging in the sale of counterfeit products within this Judicial District as alleged herein.

5.  Bibi is a corporation which, upon information and belief, is organized under the laws of New York and conducts business within this Judicial District at 168 Fairhaven Blvd. #10, Woodbury, New York 11797 and at 57 Ira Road #130, Syosset, New York 11797.

6.  Upon information and belief Vaughn is the owner or principal of Bibi and uses the names "bibisblingbling.com" and "BibisBlingBling" as aliases to operate her business.

7.  Upon information and belief, Bibi is directly and personally engaging in the sale of counterfeit products within this Judicial District as alleged herein.

8. Defendants Doe 1 through 5 are, upon information and belief, individuals who reside and/or conduct business within this Judicial District. Further, Does 1 through 5 are directly and personally contributing to, inducing, and engaging in the sale of counterfeit products as alleged herein as partners, business associates, collaborators, or suppliers to the named Defendant. Plaintiff is presently unaware of the true names of Does 1 through 5. Plaintiff will amend this Complaint upon discovery of the identities of such Defendants.

9. Defendants Doe 6 through 10 are business entities which, upon information and belief, reside and\or conduct business within this Judicial District. Moreover, Does 6 through 10 are, upon information and belief, directly engaging in the sale of counterfeit products as alleged herein as partners, business associates, collaborators, or suppliers to the named Defendant. Plaintiff is presently unaware of the true names of Does 6 through 10. Plaintiff will amend this Complaint upon discovery of the identities of such Defendants.

## COMMON FACTUAL ALLEGATIONS

10. Chanel is the owner of the following trademarks protected by the following U. S. trademark registrations:

| Mark | Reg. No. | Reg. Date |
| --- | --- | --- |
| CHANEL | 0,626,035 | May 1, 1956 |
| CHANEL | 0,901,190 | November 10, 1970 |
| CC Monogram | 1,314,511 | January 15, 1985 |
| CHANEL | 1,347,677 | July 9, 1985 |
| CC Monogram | 1,501,898 | August 30, 1988 |
| CHANEL | 1,733,051 | November 17, 1992 |
| CC Monogram | 1,734,822 | November 24, 1992 |
| CC Monogram | 3,025,934 | December 13, 2005 |

The Chanel Marks are registered in the International Classes 14 and 18 and are used in connection with the manufacture and distribution of, among other things, handbags and costume jewelry, including earrings. Additionally, Chanel is owner of the trade dress rights associated with its handbags and costume jewelry (the "Chanel Trade Dress"). The Chanel Trade Dress encompasses the overall look, feel, texture, and patterns used by Chanel in connection with the advertisement, marketing, and sale of its genuine goods.

11. The Chanel Marks and Trade Dress have been used in interstate commerce to identify and distinguish Chanel's high quality handbags and costume jewelry, including earrings and other products for an extended period of time.

12. The Chanel Marks and Trade Dress have never been assigned or licensed to any of the Defendants in this matter.

13. The Chanel Marks and Trade Dress are symbols of the Plaintiff's quality, reputation, and goodwill and have never been abandoned.

Further, Chanel has expended substantial time, money, and other resources developing, advertising, and otherwise promoting the Chanel Marks and Trade Dress. The Chanel Marks qualify as famous marks as that term is used in 15 U.S.C. § 1125(c)(1).

14. Plaintiff has extensively used, advertised, and promoted the Chanel Marks and Trade Dress in the United States in association with the sale of handbags, costume jewelry, including earrings, and other goods and has carefully monitored and policed the use of the Chanel Marks and Trade Dress.

15. As a result of Plaintiff's efforts, members of the consuming public readily identify merchandise bearing the Chanel Marks and Trade Dress as being high quality merchandise sponsored and approved by Chanel.

16. Accordingly, the Chanel Marks and Trade Dress have achieved secondary meaning as identifiers of high quality products, including handbags, costume jewelry, including earrings, and other goods.

17. Upon information and belief, at all times relevant hereto, the Defendants in this action had full knowledge of Chanel's ownership of the Chanel Marks and Trade Dress, including its exclusive right to use and license the Chanel Marks and Trade Dress and the goodwill associated therewith.

18. Chanel has discovered Defendants are promoting and otherwise advertising, distributing, selling, and/or offering for sale counterfeit products, including at least handbags and costume jewelry, including earrings bearing trademarks which are exact copies of the Chanel Marks and Trade Dress (the "Counterfeit Goods"). Specifically, upon information and belief, the Defendants are using Chanel's Marks and Trade Dress in the same stylized fashion for different quality goods.

19. Upon information and belief, Defendants' Counterfeit Goods are of a quality substantially different from Chanel's genuine goods. The Defendants, upon information and belief, are actively promoting and otherwise advertising, distributing, selling, and/or offering for sale substantial quantities of their Counterfeit Goods with the knowledge that such goods will be mistaken for the genuine high quality products offered for sale by Chanel. The net effect of Defendants' actions is to confuse consumers who will believe Defendants' Counterfeit Goods are genuine goods originating from and approved by the Chanel.

20. Upon information and belief, Defendants advertise their Counterfeit Goods for sale to the consuming public. In advertising these products, Defendants use Chanel's Marks and Trade Dress. Indeed, Defendants, upon information and belief, misappropriated Chanel's advertising ideas and business styles with respect to Chanel's genuine products. Upon

5

information and belief, Defendants misappropriated Chanel's advertising ideas in the form of Chanel's Marks and Trade Dress, in part, in the course of Defendants' own advertising activities. Defendants' acts are the proximate cause of damage to Chanel.

21. Upon information and belief, Defendants are conducting their counterfeiting activities at least within this Judicial District and elsewhere throughout the United States. Defendants' infringement and disparagement of Chanel's trademark rights are not simply a misdescription of their goods or a mere failure of the goods to conform to advertised quality or performance. By their activities, Defendants are defrauding Chanel and the consuming public for their own benefit.

22. Defendants' use of the Chanel Marks and Trade Dress, including the promotion, advertisement, distribution, sale, and offering for sale of the Counterfeit Goods, is without Chanel's consent or authorization.

23. Further, Defendants, upon information and belief, may be engaging in the above-described illegal counterfeiting activities knowingly and intentionally, or with reckless disregard or willful blindness to Chanel's rights, for the purpose of trading on the goodwill and reputation of Chanel. If Defendants' counterfeiting activities are not preliminarily and permanently enjoined by this Court, Chanel and the consuming public will continue to be damaged.

24. Defendants' infringing activities described above are likely to cause confusion, deception, and mistake in the minds of consumers, the public, and the trade. Moreover, Defendants' wrongful conduct is likely to create a false impression and deceive customers, the public, and the trade into believing a connection or association exists between Chanel's genuine goods and Defendants' Counterfeit Goods.

25. Chanel has no adequate remedy at law.

26. Chanel is suffering irreparable injury and has suffered substantial damages as a result of Defendants' counterfeiting and infringing activities.

27. The injuries and damages sustained by Chanel are directly and proximately caused by Defendants' wrongful advertisement, promotion, and sale of their Counterfeit Goods.

28. Chanel has retained the undersigned counsel to represent it in this matter and is obligated to pay a reasonable fee for such representation.

## COUNT I - TRADEMARK COUNTERFEITING AND INFRINGEMENT

29. Plaintiff incorporates the allegations set forth in Paragraphs 1 through 29 above.

30. This action is for trademark counterfeiting and infringement against Defendants based on Defendants' promotion, advertisement, distribution, sale, and/or offering for sale of the Counterfeit Goods bearing the Chanel Marks.

31. Specifically, Defendants, upon information and belief, are promoting and otherwise advertising, selling, offering for sale, and distributing counterfeit and infringing handbags and costume jewelry, including earrings and other goods. Defendants are continuously infringing and inducing others to infringe the Chanel Marks by using them to advertise, promote, and sell counterfeit handbags and costume jewelry, including earrings and other goods.

32. Defendants' counterfeiting activities are likely to cause and actually are causing confusion, mistake, and deception among members of the trade and the general consuming public as to the origin and quality of Defendants' Counterfeit Goods bearing the Chanel Marks.

33. Defendants' unlawful actions have caused and are continuing to cause unquantifiable damages to Chanel.

34. Defendants' above-described illegal actions constitute counterfeiting and infringement of the Chanel Marks in violation of Chanel's rights under § 32 of the Lanham Act, 15 U.S.C. § 1114.

35. Chanel has suffered and will continue to suffer irreparable injury due to the above described activities of Defendants if Defendants are not preliminarily and permanently enjoined.

## COUNT II - FALSE DESIGNATION OF ORIGIN PURSUANT TO - 43(a) OF THE LANHAM ACT

36. Plaintiff incorporates the allegations set forth in Paragraphs 1 through 36 above.

37. Defendants' Counterfeit Goods bearing the Chanel Marks have been widely advertised and distributed throughout the United States

38. Defendants' Counterfeit Goods bearing the Chanel Marks are virtually identical in appearance to each of Plaintiff's respective genuine goods. However, the Counterfeit Goods are inferior in quality. Accordingly, Defendants' activities are likely to cause confusion in the trade and among the general public as to the origin or sponsorship of the Counterfeit Goods.

39. Defendants, upon information and belief, have used in connection with their sales of Counterfeit Goods false designations of origin and false descriptions and representations, including words or other symbols and trade dress which tend to describe or represent such goods falsely and have caused such goods to enter into commerce with possible knowledge of the falsity of such designations of origin and such descriptions and representations, all to the detriment of Plaintiff

40. Specifically, Defendants, upon information and belief, authorized and engaged in an infringing use of the Chanel Marks and associated Trade Dress in Defendants' advertisement and promotion of their counterfeit and infringing handbags and costume jewelry, including earrings. Defendants, upon information and belief, have misrepresented to members of the consuming public that the Counterfeit Goods being advertised and sold by them are genuine, non-infringing products

41. Defendants' above-described actions are in violation of § 43(a) of the Lanham Act, 15 U.S.C. § 1125(a).

42. Plaintiff has sustained injury and damage caused by Defendants' conduct. Absent an entry of an injunction by this Court, Plaintiff will continue to suffer irreparable injury to its goodwill and business reputation as well as monetary damages.

## COUNT III - TRADEMARK DILUTION

43. Plaintiff incorporates the allegations set forth in Paragraphs 1 through 36 above.

44. The Chanel Marks are famous marks within the meaning of 15 U.S.C. § 1125(c). The Chanel Marks are advertised and used extensively throughout the United States and the remainder of the world, and are highly recognizable by the trade and the consuming public. Further, Plaintiff actively polices the use of the Chanel Marks by third parties.

45. Defendants are engaged in a commercial use of the Chanel Marks in commerce.

46. Defendants' above-described counterfeiting activities are disparaging, damaging and lessening the distinctiveness of the Chanel Marks through, at least, blurring and tarnishment of said Marks. Indeed, Defendants are publishing materials in their advertising which disparage Plaintiff's products by, at least, creating an unfair comparison between Plaintiff's genuine goods and Defendants' Counterfeit Goods.

47. Defendants' actions described herein may have been engaged in intentionally or with a reckless disregard for or willful blindness to Plaintiff's rights for the purpose of trading on Plaintiff's reputation and diluting the Chanel Marks.

48. As a result of the above described diluting and disparaging activities of Defendants, Plaintiff has suffered, and will continue to suffer, irreparable injury and substantial damages, and Defendants have been unjustly enriched.

## COUNT IV – COMMON LAW TRADEMARK INFRINGEMENT

49. Plaintiff incorporates the allegations set forth in Paragraphs 1 through 36 above.

50. This action is for trademark infringement against the Defendants based on their promotion, advertisement, distribution, sale, and/or offering for sale of goods bearing marks which are virtually identical, both visually and phonetically, to the Chanel Marks in violation of Chanel's common law trademark rights.

51. Specifically, Defendants are promoting and otherwise advertising, selling, offering for sale, and distributing infringing handbags and costume jewelry, including earrings.

52. Defendants' infringing activities are likely to cause and actually are causing confusion, mistake, and deception among members of the trade and the general consuming public as to the origin and quality of Defendants' products by their use of the Chanel Marks.

53. As a result of the above described trademark infringement activities of Defendants, the Plaintiff has suffered, and will continue to suffer, irreparable injury and substantial damages, and Defendants have been unjustly enriched.

## COUNT V - COMMON LAW UNFAIR COMPETITION

54. Plaintiff incorporates the allegations set forth in Paragraphs 1 through 36 above.

55. This action is for unlawful appropriation of Chanel's exclusive rights in the Chanel Marks and is against Defendants based on their unauthorized promotion, advertisement, distribution, sale, and/or offering for sale of goods bearing marks which are virtually identical, both visually and phonetically, to the Chanel Marks in violation of New York's common law of unfair competition.

56. Specifically, Defendants are unlawfully promoting and otherwise advertising, selling, offering for sale, and distributing handbags and costume jewelry, including earrings and other goods bearing the Chanel Marks.

57. Defendants' wrongful activities of unauthorized use of the Chanel Marks and Trade Dress, in attempting to pass off their products as if they are Chanel products in a manner calculated to deceive members of the trade and the general public, are likely to cause and actually are causing confusion, mistake, and deception among members of the trade and the general consuming public as to the origin and quality of the Defendants' products by their use of the Chanel Marks and Trade Dress.

58. The natural, probable, and foreseeable consequences of the Defendants' wrongful conduct have been and will continue to be the deprivation of the exclusive rights Chanel has in and to its intellectual property.

59. Defendants' wrongful acts of unauthorized use of the Chanel Marks and Trade Dress have and will continue to cause Chanel substantial injury including loss of customers, dilution of its reputation, dilution of its goodwill, confusion of existing and potential customers, loss of its reputation, and diminution of the value of its intellectual property. The harm these wrongful acts cause to Chanel is both imminent and irreparable, and the amount of damage sustained by Chanel will grow even more difficult to ascertain if these acts continue.

60. As a result of the above described wrongful activities of unfair competition by Defendants, the Plaintiff has suffered, and will continue to suffer, irreparable injury and substantial damages, and Defendants have been unjustly enriched.

**PRAYER FOR RELIEF**

61. WHEREFORE, Plaintiff demands judgment jointly and severally against Defendants as follows:

    a. That the Court enter a preliminary and permanent injunction enjoining Defendants, their agents, representatives, servants, employees, and all those acting in concert or participation therewith, from advertising or promoting, distributing, selling or offering to sell

their Counterfeit Goods; from infringing, counterfeiting, or diluting the Chanel Marks; from using the Chanel Marks and Trade Dress or any mark or trade dress similar thereto, in connection with the sale of any unauthorized goods; from using any logo, trade name, trademark, or trade dress which may be calculated to falsely advertise the services or products of the Defendants as being sponsored by, authorized by, endorsed by, or in any way associated with the Plaintiff; from falsely representing themselves as being connected with Plaintiff, through sponsorship or association, or engaging in any act which is likely to cause members of the trade and/or the purchasing public to believe any goods or services of Defendants are in any way endorsed by, approved by, and/or associated with Plaintiff; from using any reproduction, counterfeit, copy, or colorable imitation of the Chanel Marks in connection with the publicity, promotion, sale, or advertising of any goods sold by Defendants, including, without limitation, handbags and costume jewelry, including earrings and/or any other goods; from affixing, applying, annexing, or using in connection with the sale of any goods a false description or representation, including words or other symbols tending to describe or represent Defendants' goods falsely as being those of Plaintiff, or in any way endorsed by Plaintiff, and from offering such goods in commerce; and from otherwise unfairly competing with Plaintiff.

    b.  That Defendants be required to account to and pay Plaintiff for all profits and damages resulting from Defendants' infringing and counterfeiting activities and that the award to Plaintiff be trebled, as provided for under 15 U.S.C. § 1117, or, at Plaintiff's election with respect to Count I, that Chanel be awarded statutory damages from each Defendant in the amount of one million ($1,000,000) dollars per each counterfeit Chanel Mark used and product sold, as provided by 15 U.S.C. § 1117(c)(2) of the Lanham Act.

    c.  That Plaintiff be awarded punitive damages.

    d.  That Plaintiff be awarded pre-judgment interest on its judgment.

  e. That Plaintiff be awarded at least treble damages as well as its costs and reasonable attorney's fees and investigator's fees associated with bringing this action.

  f. That Plaintiff be awarded such other and further relief as the Court may deem just and proper.

  DATED this 26th day of June, 2007.

         Respectfully submitted,

         */s/ Matthew W. Carlin*
         Matthew W. Carlin
         Gibney, Anthony & Flaherty, LLP
         665 Fifth Avenue
         New York, New York 10022
         Telephone (212) 688-5151
         Facsimile (212) 688-8315
         E-mail: JMacaluso@Gibney.com

         Attorney for Plaintiff, Chanel, Inc.