BS_Answer_Sierau_and_Bibi.doc

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

-------------------------------------------------------------------------x

CHANEL, INC., a New York corporation,

                                 Plaintiff,

      -against-

BRIGITTE C. VAUGHN, et al.,

                             Defendants.

-------------------------------------------------------------------------x

**ECF CASE**

07 CV 6057  (NRB)

<u>**ANSWER**</u>

**(Jury Demand)**

      **Carl E. Person**, appearing on behalf of the Defendants, **Brigitte C. Sierau** (sued herein as "Brigitte C. Vaughn a/k/a Brigitte C. Sierau a/k/a Brigit Vaughn) and **Bibi, Inc**. (hereinafter, "Defendants"). respectfully alleges as and for the Defendants' **Answer** to the Plaintiff's Complaint:

      1.      DENY having knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in ¶ 1 of the duly Complaint, except that DENIES that venue is proper in this Court under 28 U.S.C. § 1391 or other statute.

      2..     DENY having knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in ¶ 2 of the Complaint.

      3..     ADMIT each of the allegations in the first sentence of ¶ 3 of the Complaint. and DENY each of the allegations in the second sentence of ¶ 3 of the Complaint, except ADMIT that she has used the names "bibisblingbling.com" and "BibisBlingBling" as aliases as part of her business. Defendants, during the period from November 2005 to October 2006 sold a total of about $300-$400 of items possibly covered by Plaintiff's complaint. and removed all website references

to any such products at the end of 2006.  Defendant's gross profit was less than $200, and after deducting advertising expenses alone had no profit from the activities.  This is at best a *de minimis* case.

4..      DENY each of the allegations in ¶ 4 of the Complaint.

5..      DENY each of the allegations in ¶ 5 of the Complaint as to conducting business in this Judicial District, but ADMIT each of the other allegations in the paragraph.

6..      ADMIT each of the allegations in ¶ 6 of the Complaint.

7..      DENY each of the allegations in ¶ 7 of the Complaint.

8..      DENY having knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in ¶ 8 of the Complaint.

9..      DENY having knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in ¶ 9 of the Complaint.

10..      DENY having knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in ¶ 10 of the Complaint.

11..      DENY having knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in ¶ 11 of the Complaint.

12..      DENY having knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in ¶ 12 of the Complaint.

13..      DENY having knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in ¶ 13 of the Complaint.

14..      DENY having knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in ¶ 14 of the Complaint.

15..    DENY having knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in ¶ 15 of the Complaint.

16..    DENY having knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in ¶ 16 of the Complaint.

17..    DENY each of the allegations in ¶ 17 of the Complaint.

18..    DENY having knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in ¶ 18 of the Complaint.

19.    DENY having knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in 1st and 3rd sentences of ¶ 19 of the Complaint. and DENY the allegations in the 2nd paragraph of said paragraph.

20.    DENY having knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in ¶ 20 of the Complaint.

21..    DENY each of the allegations in ¶ 21 of the Complaint.

22..    DENY having knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in ¶ 22 of the Complaint.

23..    DENY each of the allegations in ¶ 23 of the Complaint.

24..    DENY each of the allegations in ¶ 24 of the Complaint.

25..    DENY each of the allegations in ¶ 25 of the Complaint.

26..    DENY having knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in ¶ 26 of the Complaint.

27..    DENY having knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in ¶ 27 of the Complaint.

28..    DENY having knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in ¶ 28 of the Complaint.

## Plaintiff's Heading: COUNT I - TRADEMARK COUNTERFEITING AND INFRINGEMENT

29..    Defendants incorporate the allegations set forth in ¶¶ 1 through 28 above.

30..    DENY having knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in ¶ 30 of the Complaint.

31..    DENY each of the allegations in ¶ 31 of the Complaint.

32..    DENY having knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in ¶ 32 of the Complaint.

33..    DENY each of the allegations in ¶ 33 of the Complaint.

34..    ADMIT each of the allegations in ¶ 34 of the Complaint (i.e.. that the alleged activities would amount to what the plaintiff describes), but DENY that the Defendants have performed such activities.

. 35..    DENY each of the allegations in ¶ 35 of the Complaint.

## Plaintiff's Heading: COUNT II - FALSE DESIGNATION OF ORIGIN PURSUANT TO - 43(a) OF THE LANHAM ACT

36..    Defendants incorporate the allegations set forth in ¶¶ 1 through 35 above.

37..    DENY having knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in ¶ 37 of the Complaint.

38..    DENY having knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in ¶ 38 of the Complaint.

39..    DENY each of the allegations in ¶ 39 of the Complaint.

40..    DENY each of the allegations in ¶ 40 of the Complaint.

41..    DENY each of the allegations in ¶ 41 of the Complaint.

42..    DENY each of the allegations in ¶ 42 of the Complaint.

## Plaintiff's Heading: COUNT III - TRADEMARK DILUTION

43..    Defendants incorporate the allegations set forth in ¶¶ 1 through 42 above.

44..    DENY having knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in ¶ 44 of the Complaint.

45..    DENY each of the allegations in ¶ 45 of the Complaint.

46..    DENY each of the allegations in ¶ 46 of the Complaint.

47..    DENY each of the allegations in ¶ 47 of the Complaint.

48..    DENY each of the allegations in ¶ 48 of the Complaint.

## Plaintiff's Heading: COUNT IV - COMMON LAW
## TRADEMARK INFRINGEMENT

49..    Defendants incorporate the allegations set forth in ¶¶ 1 through 48 above.

50..    DENY having knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in ¶ 50 of the Complaint.

51..    DENY having knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in ¶ 51 of the Complaint.

52..    DENY having knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in ¶ 52 of the Complaint.

53..    DENY having knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in ¶ 53 of the Complaint.

### Plaintiff's Heading: COUNT V - COMMON LAW UNFAIR COMPETITION

54..    Defendants incorporate the allegations set forth in ¶¶ 1 through 53 above.

55..    DENY having knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in ¶ 55 of the Complaint.

56..    DENY each of the allegations in ¶ 56 of the Complaint.

57..    DENY having knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in ¶ 57 of the Complaint.

58..    DENY each of the allegations in ¶ 58 of the Complaint.

59..    DENY each of the allegations in ¶ 59 of the Complaint.

60..    DENY each of the allegations in ¶ 60 of the Complaint.

### AFFIRMATIVE DEFENSES

#### 1st Affirmative Defense

66..    Unconstitutionality of statutory damages of $1,000,000 for each counterfeit Chanel Mark used and product sold. as provided by 15 U.S.C. § 1117(c)(2). to the extent statutory damages exceed three times the amount of defendant's profits or sales derived from illegal use of Plaintiff's marks at issue.  The maximum liability of the Defendant is 3 times 0 or Zero (if based on profits, of which there were one) or 3 times $200 (equal to $600). if based on gross profits.

## 2nd Affirmative Defense

67..    Unconstitutionality of statutory attorneys fees to the extent they exceed three times the amount of defendant's profits or sales derived from illegal use of Plaintiff's marks at issue.  See the analysis in paragraph 66 above.

## 3rd Affirmative Defense

68..    Unconstitutionality of statutory attorneys fees to the extent they are unreasonable in relation to the dollar amount of the Defendant's liability for actual damages.

## 4th Affirmative Defense

69..    Insufficient and/or improper service of process.

## 5th Affirmative Defense

70..    Improper  venue.

## 6th Affirmative Defense

71..    Failure to state a claim.

## 7th Affirmative Defense

72..    *De minimis* as to Plaintiff's alleged monetary damages.

## 8th Affirmative Defense

73..    Defendants' alleged activities stopped about one year prior to commencement of this lawsuit and website descriptions about which Plaintiff complains were removed by the Defendants.

## 9th Affirmative Defense

74..    Unclean hands due to bad faith commencement and prosecution of this *de minimis* lawsuit.

## Jury Demand

Defendants hereby demand a trial by jury of all issues properly triable to a jury pursuant to

Rule 38(b) of the Federal Rules of Civil Procedure.

## PRAYER

**WHEREFORE**, the Defendants respectfully request that the Complaint be dismissed

with costs and disbursements and attorneys' fees, and with such other and further relief as this

Court may deem just and proper.

**Dated:   New York, New York**
**November 13, 2007**

Carl 9 Person

**Carl E. Person   (CP  7637)**
**Attorney for Defendants, Brigitte C. Sierau**
    (sued herein as "Brigitte C. Vaughn a/k/a Brigitte
    C. Sierau a/k/a Brigit Vaughn) and **Bibi, Inc.**
**325 W. 45th Street - Suite 201**
**New York, New York 10036-3803**
**(212) 307-4444**

8

## CERTIFICATE OF SERVICE

It is hereby certified that a true and correct copy of the foregoing

## ANSWER

was served on the attorney for Plaintiff by causing the same to be delivered by first class mail, postage pre-paid to:

> **John Macaluso, Esq.**
> **Gibney, Anthony & Flaherty, LLP**
> **665 Fifth Avenue**
> **New York NY 10022**

Dated:  November 13, 2007

**Carl E. Person**