John Macaluso
Gibney, Anthony & Flaherty, LLP
665 Fifth Avenue
New York, New York 10022
Telephone (212) 688-5151
Facsimile (212) 688-8315
E-mail: JMacaluso@Gibney.com

Attorney for Plaintiff, Chanel, Inc.

UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| CHANEL, INC., a New York corporation,<br><br>          Plaintiff,<br><br>v.<br><br>BRIGITTE C. VAUGHN a/k/a BRIGITTE C. SIERAU a/k/a BRIGIT VAUGHN and BIBI, INC., individually and jointly, d/b/a BIBISBLINGBLING.COM d/b/a d/b/a BIBISBLINGBLING, and Does 1-10,<br><br>          Defendants. | Case No. 07-cv-06057 (NRB)<br><br>**DECLARATION OF LYNNETTE OKA IN SUPPORT OF PLAINTIFF'S MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF REQUEST FOR DAMAGES** |

I, Lynnette Oka, declare and state as follows:

1. My name is Lynnette Oka, and I am employed by Chanel, Inc.'s ("Chanel") related company The Chanel Company Limited, Inc. ("TCCL") as Director, Internet Administration and Enforcement. I have been so employed since 2000.

2. I am over 18 years of age and have personal knowledge of the facts set forth herein.

3. In my capacity as TCCL's Director, Internet Administration and Enforcement, I am responsible, in part, for Chanel's trademark anti-counterfeiting efforts in the United States

particularly as they relate to Internet enforcement. As a result, I am fully familiar with most aspects of the manufacture, sale, and distribution of genuine Chanel products including handbags, costume jewelry including earrings, and other goods.

4. Prior to filing suit, Chanel received information that the Defendants Brigitte C. Vaughn a/k/a Brigitte C. Sierau a/k/a Brigit Vaughn and Bibi, Inc. d/b/a BibisBlingBling.com d/b/a BibisBlingBling (collectively the "Bibi Defendants") were selling handbags, costume jewelry including earrings, and other goods under the Chanel Marks at issue in this action without Chanel's authorization through the Internet website BibisBlingBling.com. On May 9, 2006, July 6, 2006, and November 16, 2006, I personally accessed the Internet website BibisBlingBling.com in order to capture and download the pages of the website reflecting the products bearing various Chanel Marks offered for sale. True and correct copies of the relevant pages from the website BibisBlingBling.com I captured on May 9, 2006, July 6, 2006, and November 16, 2006 are attached hereto as Composite Exhibit "1".

5. Accordingly, in May 2006, as part of its ongoing investigation regarding the sale of counterfeit Chanel products, Chanel retained Robert Holmes of IPCyberCrime.com, LLC, formerly the Holmes Detective Agency ("Holmes") to investigate the Bibi Defendants. Holmes purchased a handbag bearing counterfeits of the Chanel Marks at issue in this action from the Bibi Defendants through their website BibisBlingBling.com and delivered the same to Chanel.

6. A representative of Chanel, Adrienne Hahn Sisbarro, personally inspected and analyzed the handbag purchased from the Bibi Defendants through their website BibisBlingBling.com and determined it to be a non-genuine Chanel product.

7. On July 6, 2006, after confirming the Bibi Defendants through their website BibisBlingBling.com were still selling counterfeit products bearing the Chanel Marks at issue in

this proceeding, I sent a cease and desist letter on behalf of Chanel to the Bibi Defendants via Certified Mail and via Email, requesting that the Bibi Defendants, among other things, cease all sales of products bearing counterfeits of the Chanel Marks. True and correct copies of Chanel's July 6, 2006 cease and desist letter and electronic mail message sent by me to the Bibi Defendants together with true and correct copies of the confirmation of delivery are attached hereto as Composite Exhibit "2."

8. Chanel received no response from the Bibi Defendants regarding my July 6, 2006 cease and desist letter.

9. In or about April 2007, Chanel again became aware that the Bibi Defendants were continuing to sell and offer for sale handbags and costume jewelry including earrings and various other items under the Chanel Marks at issue in this action without Chanel's authorization through their website BibisBlingBling.com. On April 18, 2007, I again personally accessed the Internet website BibisBlingBling.com in order to capture and download the pages of the website reflecting the products bearing various Chanel Marks offered for sale. True and correct copies of the relevant pages from the website BibisBlingBling.com I captured on April 18, 2007 are attached hereto as Composite Exhibit "3." Accordingly, Chanel again retained Holmes to conduct an investigation of the Bibi Defendants and their sale of products bearing the Chanel Marks at issue in this proceeding.

10. On or about April 19, 2007, pursuant to Chanel's instructions, Holmes purchased another handbag from the Bibi Defendants' through their website, BibisBlingBling.com. Holmes received the handbag bearing counterfeits of the Chanel Marks purchased from the Bibi Defendants through their website BibisBlingBling.com and delivered the same to Chanel for analysis.

11. A representative of Chanel, Adrienne Hahn Sisbarro, personally inspected and analyzed the handbag purchased from the Bibi Defendants through their website BibisBlingBling.com and determined it to be a non-genuine Chanel product.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

FURTHER DECLARANT SAYETH NAUGHT.

Dated this 8th day of April, 2008.

_____
LYNNETTE OKA