John Macaluso (JM 2058)
Gibney, Anthony & Flaherty, LLP
665 Fifth Avenue
New York, New York 10022
Telephone: (212) 688-5151
Facsimile: (212) 688-8315
E-mail: JMacaluso@Gibney.com

OF COUNSEL:
Stephen M. Gaffigan
STEPHEN GAFFIGAN, P.A.
312 Southeast 17th Street, 2nd Floor
Ft. Lauderdale, FL 33316
Telephone: (954) 767-4819
Facsimile: (954)767-4821
E-mail: stephen@smgpa.net

Attorneys for Plaintiff
CHANEL, INC.

```
USDS SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 7/14/08
```

THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| CHANEL, INC., a New York corporation, Plaintiff, v. BRIGITTE C. VAUGHN a/k/a BRIGITTE C. SIERAU a/k/a BRIGIT VAUGHN and BIBI, INC., individually and jointly, d/b/a BIBISBLINGBLING.COM d/b/a d/b/a BIBISBLINGBLING, and Does 1-10, Defendants. | CASE NO. 07-cv-6057 (NRB)<br><br>STIPULATED CONSENT FINAL JUDGMENT |

WHEREAS, this action having been commenced by the Plaintiff, Chanel, Inc. ("Chanel") against Brigitte C. Vaughn a/k/a Brigitte C. Sierau a/k/a Brigit Vaughn ("Vaughn") and Bibi, Inc. ("Bibi") individually and jointly, d/b/a BibisBlingBling.com d/b/a Bibi, Inc. d/b/a BibisBlingBling (collectively the "Bibi Defendants"), alleging *inter alia*, trademark

counterfeiting, trademark infringement, dilution, and unfair competition, and the Plaintiff and the Bibi Defendants having resolved the Plaintiff's claims to each of their satisfaction;

IT IS STIPULATED, ORDERED, ADJUDGED AND DECREED:

1. This Court has jurisdiction of the subject matter of all counts of this action and over the named parties hereto.

2. Chanel is the owner of the following trademarks (the "Chanel Marks") in connection with handbags and costume jewelry including earrings, and other goods:

| Mark | Reg. No. | Date of Registration |
|---|---|---|
| CHANEL | 0,626,035 | May 1, 1956 |
| CHANEL | 0,901,190 | November 10, 1970 |
| CC Monogram | 1,314,511 | January 15, 1985 |
| CHANEL | 1,347,677 | July 9, 1985 |
| CC Monogram | 1,501,898 | August 30, 1988 |
| CHANEL | 1,733,051 | November 17, 1992 |
| CC Monogram | 1,734,822 | November 24, 1992 |
| CC Monogram | 3,025,934 | December 13, 2005 |

which are registered in International Classes 14 and 18 and are used in connection with the manufacture and distribution of, among other things, handbags and costume jewelry, including earrings.

3. Judgment is entered in favor of the Plaintiff and against the Bibi Defendants, jointly and severally, on all Counts of the Complaint.

4. Plaintiff is hereby awarded damages in the sum of Twenty Five Thousand Dollars ($25,000.00) against the Bibi Defendants, jointly and severally, subject to the terms and

conditions of the Confidential Settlement Agreement between Plaintiff and the Bibi Defendants.

5. Plaintiff is authorized to record this Stipulated Final Judgment, and is allowed to execute, attach, garnish and/or levy upon any real or personal property of the Bibi Defendants, and engage in collection activities against Bibi Defendants to enforce the Stipulated Judgment.

6. The Stipulated Permanent Injunction, dated March 19, 2008, is hereby expanded to also permanently enjoin the Bibi Defendants from advertising, offering for sale, selling, manufacturing, and/or importing any goods bearing counterfeits of any trademarks owned by any third parties.

7. Due to the willfulness of the Bibi Defendants' actions, the damage award in favor of the Plaintiff is a non-dischargeable debt under Section 523(a)(6) of the United States Bankruptcy Code, Title 11 U.S.C. §101, *et seq.*

8. This Court will retain continuing jurisdiction over this cause to enforce the terms of this Stipulated Consent Final Judgment and the Confidential Settlement Agreement between the parties.

9. Any party shall have the right to seek sanctions for contempt, compensatory damages, injunctive relief, attorneys' fees, costs, and other relief deemed proper in the event of a violation or failure to comply with any of the provisions hereof. The prevailing party in any such proceeding shall be entitled to recover its attorney's fees and costs.

10. This cause between the Plaintiff and the Bibi Defendants is hereby dismissed with prejudice, subject to the terms of the Settlement Agreement between the parties.

11. The parties' respective attorney's fees and costs incurred in connection with this action shall be borne as per the agreement of the individual parties on their Settlement Agreement.

This Consent Judgment and Permanent Injunction shall be deemed to have been served upon the Defendants at the time of its execution by the Court.

APPROVED AS TO FORM AND CONSENTED TO BY THE PARTIES

The undersigned hereby consent to the entry of Consent Judgment and Permanent Injunction in the form annexed hereto or in such other form as the Court may approve

For Plaintiff CHANEL, INC.

GIBNEY, ANTHONY & FLAHERTY, LLP

Dated: 6-18 , 2008           By: /s/ John Macaluso
                                 John Macaluso
                                 Gibney, Anthony & Flaherty, LLP
                                 665 Fifth Avenue
                                 New York, NY 10022
                                 (212) 688-5151
                                 (212) 688-8315- fax
                                 Counsel for Plaintiff
                                 Chanel, Inc.

For Defendants BRIGITTE C. VAUGHN & BIBI, INC.

CARL E. PERSON

Dated: July 1 , 2008          By: /s/ Carl E. Person
                                  Carl E. Person
                                  325 W. 45th Street – Suite 201
                                  New York, NY 10036-3803
                                  (212) 307-4444
                                  Counsel for Defendants
                                  Brigitte C. Vaughn and Bibi, Inc.

IT IS SO ORDERED.

Dated: July 10 , 2008

UNITED STATES DISTRICT JUDGE

Stipulated Consent Final Judgment